[Crim. No. 6958. Fourth Dist., Div. One. Jan. 21, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
SIMMIE EDWARD BARNETT, Defendant and Appellant.

## Counsel

Bill Brierton and Paul Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jay M. Bloom and M. Howard Wayne, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**AULT, J.**—Simmie Edward Barnett appeals from a judgment entered after a jury trial convicting him of rape (Pen. Code § 261, subd. 3), oral copulation accompanied by force (Pen. Code § 288a), acting in concert to commit an act of oral copulation (Pen. Code § 288b), and assault (Pen. Code § 240).

During April 1974 Dorine D., her husband and their baby shared with and rented a house in Oceanside from Marine Staff Sergeant Asbury.

At 9 a.m. April 9, 1974 Dorine answered a knock on her front door. The caller was Barnett whom she had met as a friend of Asbury the day before. Barnett asked if Asbury was home, explaining Asbury had asked to meet him at the house. Dorine agreed to let Barnett in to wait for Asbury. The only other person in the house was Dorine's young child.

A few minutes later Barnett drew a handgun, pointed it at Dorine, ordered her into a rear bedroom, and told her to undress. After she had removed most of her clothes, Barnett ordered Dorine to lie on the bed. Barnett then had intercourse with her.

Just after the rape, Dorine saw a second black male peek into the bedroom. Barnett told her not to look at him. The second man entered the bedroom and put a diaper over Dorine's eyes, Barnett left the room and the second man forced Dorine to commit an act of oral copulation upon him.

When the second man got off Dorine, she cried for her child, whom Barnett brought to her. Dorine was then put in a closet and told not to leave.

Sentence was pronounced under Penal Code sections 261, subdivision 3, 288a, 288b and 240, the sentences to be served concurrently.

I

Barnett contends Penal Code section 288b does not set forth a separately chargeable offense from that of section 288a. Thus, he argues, he should not have been convicted of two criminal offenses, and that the trial court erred when it pronounced and imposed concurrent sentences under both sections 288a and 288b.

The contention is technically correct. Only one act of oral copulation took place. It was accomplished by defendant's companion with defendant's aid and assistance, against the will of the victim, and compelled by force and threat of great bodily harm. ■ The fact Barnett was not in the room the very moment the act took place does not dispel the conclusion he acted in concert with his companion to accomplish it, nor does it dissipate the initial force and threats he used. "Voluntarily acting

in concert," as used in Penal Code section 288b, does not require proof of prearrangement, planning or scheme (*People* v. *Calimee,* 49 Cal.App.3d 337, 341-342 [122 Cal.Rptr. 658]). The verdicts clearly show the jury found to be true all of the factual requirements necessary to bring into play the punishment-enhancement provisions provided in Penal Code section 288b.[1] The findings are supported by the evidence. The judgment should be modified to delete the double conviction and sentencing and to reflect these findings.

## II

Barnett next advances two contentions relating to rulings of the trial court made in the context of his attempts to attack the credibility of Dorine's trial testimony.

Dorine was asked on cross-examination if she had taken any medication before testifying; she said she had not. Barnett then made a motion requesting the court to order a medical examination of Dorine to determine if she was intoxicated by narcotics or alcohol. The request was based on the in-court observations of a defense investigator, Barbara Wood, a former police officer, and her opinion Dorine acted as if intoxicated. The trial court denied the motion, referring to Dorine's previous testimony (to the effect she had not slept the night before and had not eaten any food), and to her physical appearance. The trial court allowed the defense, in its case-in-chief, to present both Wood's observations and her conclusion in light of her experience as to Dorine's condition. An opthalmologist, who had given Dorine an eyesight examination the day she testified, was called in rebuttal. He testified there were no symptoms of narcotic intoxication. Later, the trial court refused to give the jury instruction requested by Barnett on the issue of credibility;[2] instead, the court instructed the jury. as follows: "In

[1]Penal Code section 288b reads as follows: "The provisions of Section 288a notwithstanding, in any case in which defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim participated in an act of oral copulation, either personally or by aiding and abetting such other person, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison from five years to life."

[2]The proposed instruction read: "In determining the credibility of a witness you may consider . . . his capacity to hear or see that about which he testified and his ability to recollect or relate to such matters; specifically in this regard, you may consider whether any witness was under the influence of alcohol, drugs or other intoxicants at the time he testified; and if you believe that any witness was under the influence of alcohol, drugs, or

determining the credibility of a witness you may consider any matter that has a tendency in reason to prove or disprove the truthfulness of his testimony including but not limited to . . . the extent of the witness' capacity to perceive, to recollect, or to communicate any matter about which he gives testimony . . . ."

Barnett contends the trial court erred by refusing to order the medical examination of Dorine. Barnett does not cite direct authority for his position. He does cite *Ballard* v. *Superior Court,* 64 Cal.2d 159, 171-177 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416] for two points: (1) in sex crimes more liberal forms of impeachment are allowed, and (2) the ordering of a "medical" examination is subject to the discretion of the trial court.

■ Addressing the second point first, the trial court was aware of Dorine's youth (18 years old), her strict upbringing in a very small community, the emotional stress engendered both by the sex crimes and by the necessity to recount the details of their occurrence in court before strangers, and that she had not slept or eaten much during the trial. Based on its own observation of Dorine when on the witness stand, her testimony, and Barnett's offer of proof as to the symptoms of intoxication, the trial court denied the motion. This court cannot weigh the evidence presented to the trial court, particularly its observation of Dorine's demeanor. Nor can it conclude the trial court abused its discretion in denying the motion, in light of all the circumstances (cf. *People* v. *Russel,* 69 Cal.2d 187, 192 [70 Cal.Rptr. 210, 443 P.2d 794]). The nature of the offense involved is not particularly relevant where, as here, the attempt to impeach the trial testimony of the sole prosecuting witness is by the presentation of facts or conditions visually apparent to and observable by the jury. To the extent this is true, the reasoning of *Ballard* is less persuasive. Barnett was allowed to present the credibility issue directly to the jury via Wood's testimony in the form of her opinion that the described symptoms were indicative of barbiturate intoxication. Because some witness was of that opinion does not mean the trial court abused its discretion in refusing to order a medical examination. The trial judge, like the jurors, was able to make his own observation

other intoxicants at the time of his testimony, you may but are not obliged to disregard or give little weight to his or her testimony insofar as you find that his credibility has been impaired thereby; you may reach that conclusion if you find that as a result of being under the influence of alcohol, drugs, or other intoxicants while testifying, such witness' ability to recollect and relate matters about which he or she testified was impaired."

concerning the prosecuting witness' condition. Nothing in the record indicates to this court his ruling was an abuse of discretion.

■ Barnett's proposed jury instruction on witness credibility should have been given. It correctly stated the law. Moreover, it pinpointed the intoxication issue, which was the basis of Barnett's attack on the credibility of the prosecuting witness, and informed the jurors of their options should they conclude the witness was intoxicated. The general standard instruction on witness credibility given by the court did not.

"The court must give any correct instructions on defendant's theory of the case which the evidence justifies, no matter how weak or unconvincing that evidence may be." (*People* v. *Bynum,* 4 Cal.3d 589, 604 [94 Cal.Rptr. 241, 483 P.2d 1193]; *People* v. *Carmen,* 36 Cal.2d 768, 773 [228 P.2d 281]; see also *People* v. *Kane,* 27 Cal.2d 693, 700 [166 P.2d 285].)

While it was error for the court to refuse the instruction, we are convinced that error did not constitute a miscarriage of justice under article VI, section 13 of the California Constitution. Although the general instruction given on witness credibility did not pinpoint the intoxication issue, it did not undermine any arguments Barnett's attorney may have made on the subject. If what Barnett claimed took place, it occurred in the presence of the jurors themselves, who had viewed the demeanor of the witness and heard her testimony. Jurors as laymen are deemed competent to form opinions on intoxication (*People* v. *Conley,* 64 Cal.2d 310, 325 [49 Cal.Rptr. 815, 411 P.2d 911]). Without specific instructions, we think the jurors could and did make the determination of whether the prosecuting witness was intoxicated while testifying and evaluated her testimony accordingly. It is not reasonably probable that a result more favorable to Barnett would have been reached had his requested instruction been given (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243]).

The judgment is modified by striking defendant's conviction and sentencing for violation of Penal Code section 288b and by adding the following: "In violating Penal Code section 288a the defendant voluntarily acted in concert with another and the act was accomplished against the will of the victim by use of force and threat of great bodily harm; the

punishment provisions of Penal Code section 288b, not Penal Code section 288a, are applicable." As so modified, the judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.